IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DORĆOL DISTILLING COMPANY | § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: 5:21-cv-169 |
| v. | § § | JURY TRIAL DEMANDED |
| LOST FALLS LLC d/b/a ST. ELMO BREWING COMPANY | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Dorćol Distilling Company complains against Defendant, Lost Falls LLC d/b/a St. Elmo Brewing Company ("St. Elmo") for the acts described below.

## I. PARTIES

1. Plaintiff, Dorćol Distilling Company ("Dorćol") is a Texas corporation, having a principal place of business at 1902 S. Flores Street, San Antonio, Texas 78204.

2. Defendant, Lost Falls LLC d/b/a St. Elmo Brewing Company ("St. Elmo") is a Texas limited liability company that can be served through its registered agent, Mr. Harry L. Zimmerman, at the registered address, 127 Firebird Street, Austin, Texas 78734. On further information and belief, St. Elmo's principal place of business is located at 440 E. St. Elmo Road, Suite G-2, Austin, Texas 78745-1236.

## II. JURISDICTION AND VENUE

3. This Complaint involves claims for unfair competition in violation of the *Lanham Act*, 15 U.S.C. §1125, common law trademark infringement, common law unfair competition, and

declaratory judgment. The Court has jurisdiction over these claims under 28 U.S.C. §§1331 and 1338.

4. The Court has personal jurisdiction over the Defendant because the Defendant is located in Texas and conducts business in Texas.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2) because Defendant resides in this judicial district and a substantial part of the events giving rise to the claims herein occurred and continue to occur in this judicial district.

### III. FACTS

#### A Reputation for Quality

6. In late 2011, longtime friends, Boyan Kalusevic and Chris Mobley, announced their plans to open a distillery in San Antonio, Texas.[1] The pair was driven to carry on Kalusevic's family tradition of handcrafting beautiful spirits to share with friends. Kalusevic and Mobley founded Dorćol Distilling Company, named for the Belgrade neighborhood Kalusevic was born in.[2]

7. On Friday, December 13th, 2013, Texas's first urban craft distillery, Dorćol Distilling Company, opened to incredible support, placing Dorćol's inaugural spirit and Texas' first brandy, Kinsman Apricot Rakia, on full display.[3] Soon thereafter, the tasting room was converted into a craft-cocktail bar, which received critical applause: the house Negroni Blanco was named a Top 10 Cocktail of 2014.[4] The first of many awards started to come in.[5]

---

[1] **Exhibit A**.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

8. Dorćol received a Critics' Choice Award for Best Locally Made Spirit/Beer, and Kinsman Apricot Rakia was named the 2014 highest rated American brandy at the Beverage Testing Institute's World Spirit Championships in Chicago.[6] The 90-point Gold medal also tied the highest ever Texas spirit rating.[7] The distillery has become a destination, showcasing award-winning spirits, craft cocktails, local music performers and art shows alike.[8]

9. In 2015, Kalusevic and Mobley welcomed Randy Ward, who brought brewing experience and expertise to Dorćol. Since then, Dorćol has expanded its brands and product offerings. In relevant part, Dorćol offers a wildly popular beer using the mark BETTY. Dorćol first offered its BETTY beer on February 4, 2016. Dorćol promotes and distributes its spirits and beer throughout the state of Texas, including: Austin, Bee Cave, Boerne, College Station, Dallas, Dripping Springs, El Paso, Ft. Worth, Harker Heights, Houston, Killeen, Lakeway, Live Oak, Lubbock, McAllen, New Braunfels, Round Rock, San Antonio, San Marcos, Schertz, Victoria, and Westlake Hills. Purchasers from inside and outside of Texas purchase the BETTY beer from numerous retail locations, as well as the Dorćol tasting room located near downtown San Antonio. By 2018, Dorćol was the fastest growing brewery in Texas.[9]

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] **Exhibit B**.

10. Dorćol identifies its BETTY beer using several related marks, including: the word mark BETTY, a stylized form  and the composite mark  (collectively the "BETTY Marks").

11. Plaintiff promotes its BETTY Marks through various channels of trade and is readily identified by those living in and around Texas, especially central and south Texas.

12. **Exhibit C** shows beer tap handles Dorćol provides to restaurants, bars and other entertainment venues. **Exhibit D** illustrates an example of a beer can labeled with Dorćol's BETTY Marks. In fact, Dorćol's beer is frequently available in large quantities at retailers, which further draws the attention of consumers.[10] Consumers see Dorćol's BETTY Marks used in connection with Dorćol's beer when purchasing and drinking Dorćol's beer.

13. Dorćol promotes its BETTY Marks and beer at various events, including: races;[11] workshops for entrepreneurs;[12] fundraisers for charity;[13] cultural festivals;[14] culinary events;[15] etc.

---

[10] **Exhibit D**.
[11] **Exhibit E**.
[12] **Exhibit F**.
[13] **Exhibit G**.
[14] **Exhibit H**.
[15] **Exhibit I**.

14. Dorćol promotes its BETTY Marks and beer using a website with the URL: http://dorcolspirits.com/, and Dorćol further promotes the BETTY Marks and Plaintiff's beer on several social media platforms, including: Facebook and Instagram.

15. Dorćol—along with its beers and spirits—is routinely featured in the media, both near and far.[16]

16. Dorćol plans to continue investing heavily into promoting and growing the BETTY Marks and its goods and services.

17. The BETTY Marks are inherently distinctive. Because the BETTY Marks are inherently distinctive, and also because Dorćol extensively uses and promotes the BETTY Marks, consumers have come to recognize the BETTY Marks as strongly associated with Dorćol and Dorćol's goods and services.

18. As a result, Dorćol owns strong common law trademark rights and significant consumer goodwill in the BETTY Marks.

**Defendant Infringes Plaintiff's Rights**

19. On information and belief, Defendant St. Elmo began offering beer and tasting room services under the name St. Elmo Brewing Company in and around Travis County, Texas in 2016. Since then, St. Elmo has apparently offered a variety of beers using a variety of names.

20. On information and belief, St. Elmo began offering a seasonal, limited supply beer under the name Betty, several years later.[17] St. Elmo has done so without permission of Dorćol. On information and belief, St. Elmo began offering a beer under the name Betty with knowledge of Dorćol and the BETTY Marks. St. Elmo's owner, Brian Winslow, is a member of several social

---

[16] **Exhibit J-1; Exhibit J-2.**
[17] **Exhibit K**.

media groups that publish information about breweries in San Antonio and Austin. Several of these groups have published information regarding Dorćol and the BETTY Marks.

21. St. Elmo frequently relies on the trademarks of third-parties when naming and promoting its beers. The chart below illustrates several examples:

| Examples of Marks Used by St. Elmo | Marks Owned by Third Parties | Owner |
|---|---|---|
| (hash pint can image) | HASH PIPE | Rivers Cuomo |
| | (Weezer "W" logo) | Rivers Cuomo |
| (Habitat cans image) | HABITAT FOR HUMANITY | Habitat for Humanity International, Inc. |
| | (Habitat for Humanity logo) | Habitat for Humanity International, Inc. |
| (St. Elmo Crosby cans image) | CROSBY | Crosby Hop Farm, LLC |
| (stelmobrewing Instagram with longhorn image) | (Texas Longhorn silhouette) | The University of Texas System Board of Regents |
| (Betty Blackberry Sour image) | BETTY | Dorćol Distilling Company |
| ST ELMO BREWING | ST. ELMO'S FIRE | Columbia Pictures Industries, Inc. |

22. Additionally, St. Elmo offers a beer named DOLLY and promotes this beer using images and other references to the world-famous entertainer, Dolly Parton.[18]

23. St. Elmo also offers four beers using the names of the main characters from the Teenage Mutant Ninja Turtles franchise: Leonardo, Raphael, Donatello, and Michelangelo. Each of these four beer cans corresponds to the character's assigned color: blue, red, purple, and orange, respectively. All four cans feature a pattern of popular pizza ingredients (e.g., mushrooms, pepperonis, etc.) arranged as they might appear on a pizza.[19] Images of the St. Elmo's Teenage Mutant Ninja Turtles cans are prominently displayed across St. Elmo's social media, including its Facebook banner.[20]

24. On information and belief, Dorćol and St. Elmo both offer their beers to customers throughout south/central Texas, and beyond. Many of Dorćol and St. Elmo's customers are the same. **Exhibit N** is a printout of two posts from the Facebook group page, San Antonio Let's Talk Craft Beer. Members of the Facebook group have discussed St. Elmo on several occasions. *See, e.g.*, *id.*

25. St. Elmo promotes its Betty mark in connection with beer using several advertising media—a number of which are the same as Plaintiff's advertising media. These include having a website,[21] a Facebook page,[22] Instagram,[23] etc.

26. Dorćol sells its BETTY beer in its tasting room, through numerous retailers, and at various events. On information and belief, St. Elmo also sells BETTY beer through its tasting room, retailers and public events.

---

[18] **Exhibit L**.
[19] The Teenage Mutant Ninja Turtles are known, in part, for their love of pizza.
[20] **Exhibit M**.
[21] **Exhibit O**.
[22] **Exhibit M**.
[23] **Exhibit P**.

27. St. Elmo's BETTY mark creates a likelihood of confusion with Dorćol's BETTY Marks for the same goods. In fact, there is evidence of actual confusion. Dorćol has been contacted by purchasers who thought they were contacting St. Elmo.

**Dorćol Discovered Defendant's Infringing Activity and Attempted to Resolve the Matter**

28. Dorćol discovered St. Elmo offers a seasonal beer under the name BETTY on or around November 26, 2020.

29. On December 18, 2020, Dorćol contacted the owner of St. Elmo, Bryan Winslow, to discuss St. Elmo's infringing activity. Dorćol attempted to resolve the matter amicably. Dorćol and St. Elmo were not able to resolve the matter.

30. As of this filing, St. Elmo continues to use the infringing marks.

31. St. Elmo's willful and intentional infringement of Dorćol's trademark rights creates a likelihood of confusion and irreparable harm to Dorćol's trademark rights.

32. Because a likelihood of confusion exists between the Parties' marks, injury to Dorćol's reputation and goodwill is presumed.

33. After Dorćol's attempts to resolve this matter failed, Dorćol filed this lawsuit.

**Effects of St. Elmo's Unlawful Activities**

34. St. Elmo's unauthorized use and intended use of BETTY are likely to confuse consumers. Consumers are likely to perceive some connection or association between the parties' products as to source, sponsorship, or affiliation, when in fact none exists.

35. St. Elmo's unauthorized use and intended use of BETTY falsely designate the origin of St. Elmo's goods and falsely represent facts with respect to those goods.

36. St. Elmo's unauthorized use and intended use of BETTY enable St. Elmo to trade off and receive the benefit of the goodwill built by Dorćol in its BETTY Marks.

37. St. Elmo's unauthorized use and intended use of BETTY effectively remove Dorćol's ability to control the quality of the goods offered under BETTY. This places Dorćol's reputation and goodwill at least partially in the hands of St. Elmo, whose goods Dorćol cannot control.

### IV. CAUSES OF ACTION

### COUNT 1
### VIOLATION OF THE LANHAM ACT

38. Each of the preceding paragraphs is incorporated by reference under this count.

39. St. Elmo makes, distributes and sells beer under the BETTY mark. St. Elmo uses the BETTY mark in commerce by selling its beer to a variety of purchasers, including locals and tourists. St. Elmo further promotes the BETTY mark and beer using the internet: using and updating a website; multiple social media accounts; etc.

40. St. Elmo's use of the BETTY mark is likely to cause confusion, or to cause mistake, or to deceive as to the (1) affiliation, connection or association of St. Elmo with the Plaintiff or (2) as to the origin, sponsorship or approval of St. Elmo's goods by Plaintiff.

41. The uses by St. Elmo as complained of herein constitute unfair competition, are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of St. Elmo's beer with Plaintiff's beer in violation of the *Lanham Act,* 15 U.S.C. §1125 (a)(1)(A).

42. St. Elmo's acts described herein further constitute false or misleading descriptions and/or representations of fact which, in commercial advertising or promotion, misrepresent the nature, characteristics, and qualities of its goods in violation of the *Lanham Act,* 15 U.S.C. §1125 (a)(1)(B).

43. St. Elmo's acts described herein further constitute a bad faith intent to profit from Plaintiff's BETTY Marks in violation of the *Lanham Act,* 15 U.S.C. §1125(d)(1)(A).

44. St. Elmo's acts have and will continue to cause Plaintiff irreparable injury and based upon information and belief, St. Elmo will continue its acts of unfair competition unless enjoined by this Court. Pursuant to 15 U.S.C. §1116, Plaintiff seeks both preliminary and permanent injunctive relief against further acts of unfair competition by St. Elmo.

45. St. Elmo's acts of unfair competition and false designation of origin have caused actual confusion and a likelihood of confusion with Plaintiff. Injury to Plaintiff's reputation and goodwill is therefore presumed. Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to and seeks St. Elmo's profits, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court.

46. St. Elmo's acts of unfair competition and false designation of origin have been and continue to be deliberate and willful and warrant an award of enhanced damages. In addition, Plaintiff is entitled to and seeks a finding that this case is exceptional and warrants an award of attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT 2
## COMMON LAW TRADEMARK INFRINGEMENT

47. Each of the preceding paragraphs is incorporated by reference under this count.

48. Plaintiff enjoys common law trademark rights under the common law of the State of Texas in connection with its service marks and trademarks to identify, in the State of Texas and throughout the United States, its goods and services. For example, Plaintiff owns and uses several BETTY Marks to promote its beer.

49. St. Elmo's past and current use of the BETTY mark constitutes trademark infringement under the laws of the State of Texas.

50. St. Elmo's acts further constitute a willful attempt to profit from Plaintiff's BETTY Marks in violation of its trademark rights.

51. The offering by St. Elmo of its beer using confusingly similar marks is likely to cause and has caused confusion as to the source of origin of the beer in that purchasers of Plaintiff's beer are likely to associate or have associated such beer as originating with St. Elmo—and *vice versa*—all to the detriment of Plaintiff.

52. St. Elmo's acts of common law trademark infringement have caused actual confusion and a likelihood of confusion with Plaintiff. Injury to Plaintiff's reputation and goodwill is therefore presumed. St. Elmo's acts have and will continue to cause Plaintiff irreparable injury and based upon information and belief, St. Elmo will continue its willful acts of trademark infringement unless enjoined by this Court. Plaintiff seeks both preliminary and permanent injunctive relief against further acts of trademark infringement by St. Elmo.

53. Plaintiff also seeks recovery of St. Elmo's profits and Plaintiff's attorney's fees.

## COUNT 3
## COMMON LAW UNFAIR COMPETITION

54. Each of the preceding paragraphs is incorporated by reference under this count.

55. St. Elmo's conduct has and is likely to confuse, mislead, or deceive purchasers or potential purchasers and constitutes unfair competition under the laws of the State of Texas.

56. St. Elmo's acts of common law unfair competition have caused actual confusion and a likelihood of confusion with Plaintiff. Injury to Plaintiff's reputation and goodwill is therefore presumed. St. Elmo's acts have and will continue to cause Plaintiff irreparable injury and based on information and belief, St. Elmo will continue his willful acts of unfair competition unless enjoined by this Court. Plaintiff seeks both preliminary and permanent injunctive relief against further acts of unfair competition by St. Elmo.

57. Plaintiff also seeks recovery of St. Elmo's profits and Plaintiff's attorney's fees.

## COUNT 4
## UNJUST ENRICHMENT

58. Each of the preceding paragraphs is incorporated by reference under this count.

59. St. Elmo's actions have unjustly enriched it at the expense of Dorćol.

60. By using the BETTY mark without Dorćol's authorization, St. Elmo has obtained a benefit to which it is not legally entitled.

61. St. Elmo is thus liable for unjust enrichment in violation of Texas common law.

## COUNT 5
## DECLARATORY JUDGMENT

62. Each of the preceding paragraphs is incorporated by reference under this count.

63. St. Elmo's challenge to Plaintiff's exclusive rights to the BETTY Marks gives rise to an actual controversy. By virtue of St. Elmo's refusal to cease and desist using the BETTY mark in connection with beer, St. Elmo has claimed ownership of the BETTY mark in contravention of Plaintiff's rights.

64. Plaintiff's ownership of the BETTY Marks goes back to 2016. St. Elmo, by contrast, started using the BETTY mark long after Plaintiff. Thus, St. Elmo is a junior user to a mark confusingly similar to the BETTY Marks.

65. Declaratory relief is necessary in order to clarify and settle Plaintiff's rights with regard to the BETTY Marks, and to relieve Plaintiff from the uncertainty, insecurity and controversy created by St. Elmo's actions and assertions.

66. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202, Plaintiff seeks a declaration by the Court that Plaintiff is the owner of the BETTY Marks and has the right to exclusively use the BETTY Marks, and that St. Elmo has no right to use any of the BETTY Marks or similar variations.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against the Defendant granting Plaintiff the following relief:

1. St. Elmo and its owners, officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privy or active concert with St. Elmo, or on behalf of St. Elmo, be preliminarily and permanently enjoined and restrained from, directly or indirectly:

   a. Using any of the BETTY Marks or any other names or marks confusingly similar thereto;

   b. Creating any confusion with Plaintiff's BETTY Marks;

   c. Advertising the BETTY mark;

   d. Otherwise unfairly competing with Plaintiff in any manner;

   e. Causing confusion or the likelihood of confusion, mistake or deception between Plaintiff and St. Elmo;

2. Declaring that Plaintiff be entitled to the exclusive use of the BETTY Marks and that St. Elmo has no right to continued use of the BETTY Marks;

3. Ordering St. Elmo to pay Plaintiff St. Elmo's profits pursuant to 15 U.S.C. § 1117(a) as a result of St. Elmo's conduct described herein;

4. Awarding Plaintiff prejudgment and post-judgment interest.

5. Awarding Plaintiff enhanced damages, attorneys' fees, and costs of court as the result of St. Elmo's acts of trademark infringement and unfair competition that were deliberate and willful, and because this is an exceptional case.

6. Ordering St. Elmo to pay Plaintiff's attorneys' fees and costs in connection with this suit under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202; and

7. Awarding Plaintiff such other relief as the Court deems proper.

Date: February 23, 2021

Respectfully submitted,

/s/ Nick Guinn
Nick Guinn
Texas Bar No. 24087642
GUNN, LEE & CAVE, P.C.
Callaghan Tower
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
Telephone: (210) 886-9500
Facsimile: (210) 886-9883
nick@gunn-lee.com

ATTORNEY FOR PLAINTIFF